**Ex parte Karol Ray McATEE.**

**No. 63929.**

Court of Criminal Appeals of Texas, En Banc.

May 28, 1980.

Paul G. Johnson, Sugar Land, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an application for a writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner pleaded guilty and was convicted in Cause No. 7509 in the 29th District Court of Palo Pinto County of the offense of burglary of a building. Punishment, enhanced by proof of two prior felony convictions, was assessed at imprisonment for life.

Petitioner urges that his conviction must be set aside because the trial court failed to admonish him of the range of punishment for the offense, as required by Art. 26.-13(a)(1), V.A.C.C.P. The trial court has filed findings of fact and conclusions of law supporting petitioner's claim. The record supports the court's findings. We grant relief.

Art. 26.13 provides in pertinent part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense; . . .

It is well-established that Art. 26.-13(a)(1) is mandatory. A total failure of the trial court to admonish the defendant concerning the range of punishment is reversible error, without regard to whether the defendant was harmed. *Weekly v. State*, 594 S.W.2d 96 (Tex.Cr.App.1980); *Stewart v. State*, 580 S.W.2d 594 (Tex.Cr.App.1979); *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr.App.1979, Opinion on State's Motion for Rehearing); *Fuller v. State*, 576 S.W.2d 856 (Tex.Cr.App.1979); *McDade v. State*, 562 S.W.2d 487 (Tex.Cr.App.1978); *Murray v. State*, 561 S.W.2d 821 (Tex.Cr.App.1977); *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975, Opinion on Appellant's

Motion for Rehearing). This rule has survived despite the limitations that this Court and the Legislature have placed on challenges to improper admonishments under Art. 26.13, V.A.C.C.P.

In *Guster v. State*, 522 S.W.2d 494 (Tex. Cr.App.1975), the Court held that a failure to "fully comply" with Art. 26.13 would not constitute reversible error absent an objection and a showing of injury or prejudice to the defendant. The same result was reached with respect to collateral attacks in *Ex parte Taylor*, 522 S.W.2d 479 (Tex.Cr. App.1975). See also *Ex parte Beiersdorf*, 532 S.W.2d 632 (Tex.Cr.App.1976). The holding in each of these cases was that where the trial court gave an admonishment that did not fully comply with the terms of Art. 26.13, the defendant would be required to show harm. In 1975, the Legislature amended Art. 26.13 to provide that substantial compliance in admonishing the defendant is sufficient, "Unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Art. 26.13(c), V.A.C.C.P.

In *Walker*, supra, however, we reversed the cause *without* a showing of harm. In *Walker* the trial court did not just fall short of full compliance, but wholly failed to admonish the defendant of the range of punishment in total disregard of Art. 26.13. *Walker* expressly found *Guster* and *Ex parte Taylor* inapplicable to cases where there was a total failure to admonish. The *Walker* rule has been applied ever since. *Weekly*, supra; *Stewart*, supra; *Whitten*, supra; *Fuller*, supra; *McDade*, supra; *Murray*, supra.

The reasoning behind this rule is that where the record indicates that the defendant has received an admonishment with respect to punishment, although not a complete one, there is a *prima facie* showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed. Where there is a *total failure* to admonish concerning punishment, however, there is no *prima facie* showing; the defendant has received no warning whatsoever as to the punishment that is liable to be assessed. In such a case the danger of the defendant entering an unknowing and involuntary plea is so great that no specific harm need be shown. See *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Moreover, where the trial court wholly fails to admonish the accused of the range of punishment, there has been no substantial compliance with the admonishment requirements of Art. 26.13. *Taylor v. State*, 591 S.W.2d 826 (Tex.Cr.App.1979); *Murray*, supra. No showing of harm need be made pursuant to Art. 26.13(c), supra. See *Whitten*, supra, at 158.

*Walker* and its progeny show that it is error of a fundamental nature for a trial court to wholly fail to admonish the defendant as to the range of punishment. Petitioner is entitled to raise such error by way of a collateral attack on his conviction.

The relief sought is granted. The conviction in Cause No. 7509 is set aside.

It is so ordered.