Charles Ray HIGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00713–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 31, 1997.

Kirk J. Oncken, Houston, for Appellant.

John B. Holmes, Calvin Hartman, Houston, for Appellee.

Before O'CONNOR, COHEN and TAFT, JJ.

## OPINION

O'CONNOR, Justice.

Charles Ray High, the appellant, was charged by indictment with the felony offense of aggravated robbery. The appellant pleaded guilty to the offense before a jury, and the jury was instructed to find him guilty. After the jury found the appellant guilty, he pleaded true to an enhancement paragraph, and the trial court assessed punishment at 60–years confinement.

The appellant's appointed appellate counsel filed a brief stating that in his opinion, there was no reversible error. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (*Anders* brief). The appellant filed a *pro se* brief complaining that the trial court erred in completely failing to admonish him as required by TEX.CODE CRIM. P. art. 26.13(a) (1994) before accepting his plea of guilty.[1] Based on the appellant's *pro se* brief, we reverse and remand.

### Facts

Early on the morning of August 23, 1994, Joe Sandoval and two employees, Manuel Hinojosa and Kevin Anselmo, were working at an Auto Zone store in Baytown, Texas. Sandoval, the store manager, was at the back of the store helping a customer at approximately 9:00 a.m. when he noticed the appellant come into the store wearing black pants and a red shirt, an outfit similar to the uniforms worn by Auto Zone employees. The appellant talked to the other two employees until the customer left the store.

The appellant then pulled out a gun and pointed it at Hinojosa and Anselmo and told all three of them to go to the back into the office where the safe was located. The appellant handed Hinojosa and Anselmo a pair of handcuffs and told them to put them on and lie face down on the floor in the office. The appellant held his gun to Sandoval and the employees while Sandoval opened the safe and placed the money in a white burlap bag. After Sandoval emptied the safe, the

appellant threw Sandoval another pair of handcuffs and ordered him to cuff himself to the other employees and lie flat on the floor.

After the appellant left the store, all three went to the front of the store, and Sandoval and Hinojosa saw a white Ford Escort leaving the store. Hinojosa called the Baytown police department giving them a description of the appellant.

A short time later, the appellant was involved in a collision with a pickup truck. The appellant was arrested at the scene of the accident after the police noticed the appellant's red shirt and black pants. The police also found a large amount of money on the floorboard of the car and a set of handcuffs. Witnesses at the scene of the accident with the pickup truck told the police where the appellant had thrown the burlap money bag and the gun he had used. The appellant was taken back to the Auto Zone, where he was identified by Anselmo. The appellant confessed to the crime in a statement given to the police.

### Error in the Court's Admonishment

In point of error one, the appellant argues the trial court erred in failing to properly admonish him as required by TEX.CODE CRIM. P. art. 26.13(a) (1994). Under this point of error, the appellant complains that the trial court did not admonish him about (1) the range of punishment or (2) the effect of his plea of guilty on his immigration status. Article 26.13 provides in relevant part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense;

.    .    .    .    .

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this coun-

---

1. The appellant's *pro se* brief also complained that (2) the trial court erred in not instructing the jury to find the elements of the offense beyond a reasonable doubt; (3) his plea was involuntary; (4) his trial counsel was ineffective; and (5) his counsel on appeal was ineffective. Because we sustain point of error one, we find it unnecessary to reach these other issues.

try, or the denial of naturalization under federal law;

.    .    .    .    .

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

TEX.CODE CRIM. P. art. 26.13 (1994).

The following colloquy occurred after the parties rested and before the jury was instructed to find the appellant guilty:

The Court: [Appellant], let me just admonish you as to several matters before we proceed. You understand upon your plea of guilty the court will instruct the jury to find you guilty and return a verdict of guilty? You fully understand that?

Appellant: Yes.

The Court: Okay. You, of course, have discussed this with Mr. Davis [defense counsel]?

Appellant: Yes.

The Court: And are you—you're presently competent? Are you mentally competent?

Appellant: Yes.

The Court: Do you understand the nature of this proceeding?

Appellant: Yes, sir.

The Court: You have discussed any defenses you have with Mr. Davis in aiding him in representing you?

Appellant: Yes, sir.

The Court: Okay. Let me ask is there any objection to the court's charge?

Defense counsel: No, Your Honor, no objection.[2]

The Court: From the State?

The State: Nothing from the State.

## A. Admonishment on Punishment

▉ The appellant complains the trial court did not admonish him regarding the range of punishment. In response, the State argues the appellant was properly admonished because (1) the trial court's charge states that the court admonished the appellant of the consequences of the plea "as required by law;" and (2) in the appellant's competency evaluation, which was administered before the plea, the appellant said he had been informed about the range of punishment for his offense.

▉ We disagree with the State's arguments. The only admonishment which can be considered is that given by the trial court to the appellant. *Murray v. State,* 561 S.W.2d 821, 822 (Tex.Crim.App.1977) (stating that the defendant's filed affidavit of admonitions and jury waiver could not be considered in determining whether the trial court complied with article 26.13); *see also Nguyen v. State,* 859 S.W.2d 437, 439 (Tex.App.—Houston [1st Dist.] 1993, pet.ref'd) (rejecting State's argument that court complied with article 26.13 because judgment, waiver of constitutional rights, agreement to stipulate, and docket sheet stated that trial judge admonished the defendant).

After having reviewed the entire record in this case, we find the trial court did not admonish defendant about the range of punishment as required by TEX.CODE CRIM. P. art. 26.13(a)(1).

▉ When the trial court substantially complies with the admonishment requirements of article 26.13, it is a prima facie showing of a knowing and voluntary plea of guilty. *Hughes v. State,* 833 S.W.2d 137, 140 (Tex.Crim.App.1992); *Forcha v. State,* 894 S.W.2d 506, 509 (Tex.App.—Houston [1st Dist.] 1995, no pet.). An appellate court will find a trial court substantially complied with article 26.13(a) if (1) it admonished the defendant on punishment, (2) the sentence given was within the range prescribed by law, and (3) the defendant does not affirmatively show harm. *Hughes,* 833 S.W.2d at 140. Conversely, an appellate court will find the trial court did not substantially comply if the court did not give the defendant any admonishment about the range of punishment. *Id.*

2. The jury charge provided that (1) the appellant entered a plea of guilty; (2) the trial court had admonished him of the consequences of such a plea; (3) the appellant was mentally competent; and (4) the appellant's plea was given freely and voluntarily.

If the admonishment is relevant to the voluntariness of the plea—as is true when the admonishment is about the range of punishment—an appellate court cannot find substantial compliance merely because the court gave other admonishments. *Id.*

■ When a trial court does not admonish a defendant as to the range of punishment as required by article 26.13(a)(1), we must find it is fundamental error, without regard to whether a defendant is harmed. *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Crim.App. 1980); *Adams v. State,* 630 S.W.2d 806, 808 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Because the trial court did not admonish the appellant about the range of punishment, we sustain point of error one.

## B. Admonishment of Deportation Consequences

■ The appellant complains the trial court did not admonish him regarding the deportation consequences of his plea of guilty. The appellant claims the record does not indicate whether he is a citizen of the United States. We disagree. When the appellant was interviewed for a competency evaluation, he said he was born in Houston, Texas.

The trial court's failure to admonish a defendant about the deportation consequences of his plea is harmless if the record reflects that he is a United States citizen and is, therefore, not subject to deportation. *Cain v. State,* 947 S.W.2d 262, 264–65 (Tex.Crim. App.1997) (not yet published).[3] Accordingly, we overrule the appellant's point of error one as it relates to the court's failure to admonish him regarding the deportation consequences of his plea of guilty.

We reverse the trial court's judgment and remand for further proceedings.

3. The *Cain* opinion is a majority opinion on the issue that the failure to admonish a defendant as to the deportation consequences is harmless when the record affirmatively establishes that he is United States citizen. However, the justices did not agree on the reason for the harmlessness. Three justices (Justices Keller, Mansfield, and Overstreet) agreed that failure to give the admonishment when the record affirmatively established that the defendant was a United States citizen was harmless beyond a reasonable doubt

TAFT, J., concurring.

COHEN, J., concurring.

TAFT, Justice, concurring.

I write only to urge the Court of Criminal Appeals to reexamine its holding that a total failure to admonish a defendant regarding the range of punishment constitutes fundamental error, without regard to whether that defendant was harmed. *See Ex parte McAtee,* 599 S.W.2d 335, 335–36 (Tex.Crim.App. 1980). The reason given for this per se rule is the enormity of the danger that the plea of guilty was unknowing and involuntary. *Id.* at 336. However, what if other matters in the record make it clear there is no such danger? For example, what if the record showed the defendant was an expert in criminal law, had written a book on the punishment range for the offense to which he pled guilty, and had taught a criminal law seminar on the same subject the day before entering his plea?

The Court of Criminal Appeals recently disavowed previous cases which had held that harmless error analysis need not be done for certain types of error. *See Matchett v. State,* 941 S.W.2d 922, 926–29 (Tex.Crim.App.1996). The Court wrote:

> That the nature of some legislative mandates and fundamental rights will resist creation of a record from which to meaningfully assess the effects of their violation, does not justify precluding attempts by the State to establish that under the facts of a particular case, the error was *in fact* harmless beyond a reasonable doubt.

*Id.* at 928 (emphasis in original). This rationale applies as well to the failure to give admonishments mandated by statute.

under Tex.R.App. P. 81(b)(2). Justice Meyers, who concurred with Justice Keller's opinion with an opinion to follow, did not indicate if he agreed with Justice Keller on rule 81(b)(2). Two justices (Justices Baird and Price) agreed that a reversal due to a failure to give the deportation admonishment when the record affirmatively shows the defendant is a United States citizen would lead to an absurd result and, hence, an affirmance would be in order.

In the present case, appellant's competency evaluation reflects that appellant "stated he ha[d] been told that he c[ould] receive anywhere from five years to life in prison." The actual range of punishment for a first degree felony, enhanced by a prior conviction, was confinement for 15 years to 99 years or life, and a fine not to exceed $10,000. There is at least some basis from which the State might have argued that the error in not admonishing appellant regarding the range of punishment was harmless beyond a reasonable doubt. Because I would not preclude the State from undertaking a harmless error argument, I write in order to urge the Court of Criminal Appeals to reconsider *McAtee* and other cases holding that error in failing to admonish regarding the range of punishment is harmful per se.