**Charles Ray HIGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1270–97.

Court of Criminal Appeals of Texas, En Banc.

March 11, 1998.

Kirk J. Oncken, Houston, for appellant.

Carol M. Cameron, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of aggravated robbery and sentenced to confinement for sixty years. The Court of Appeals reversed the conviction because the trial court did not admonish appellant of the consequences of his guilty plea pursuant to Article 26.13(a)(1), V.A.C.C.P. *High v. State*, 962 S.W.2d 53 (Tex.App.—Houston [1st Dist.] 1997). It

held that under *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980), a complete failure to admonish a defendant on the range of punishment for an offense does not constitute substantial compliance under Art. 26.13(c), and therefore is fundamental, reversible error without regard to whether the defendant was harmed.

The State filed a petition for discretionary review arguing that the Court of Appeals erred by summarily reversing the conviction without conducting a harm analysis pursuant to Tex.R.App.Pro. 81(b)(2).[1] At the time the Court of Appeals handed down its opinion, *Cain v. State*, 947 S.W.2d 262 (Tex.Cr.App.1997) was a final opinion.[2] Our opinion in *Cain* held, "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Id.* at 264 (footnote omitted). We overruled *Morales v. State*, 872 S.W.2d 753 (Tex.Cr.App.1994), and all other opinions which conflicted with that holding. We specifically held, "*Morales* was mistaken to the extent that it may have implied that the absence of substantial compliance ends the inquiry." *Ibid.*

Therefore, the Court of Appeals erred by holding that the failure to admonish a defendant under Art. 26.13(a)(1), is automatic reversible error, without regard to harm. Accordingly, we grant the State's petition, vacate the judgment of the Court of Appeals, and remand the cause to that court to conduct a harm analysis pursuant to Rule 44.2.

BAIRD, Judge, dissenting.

Appellant pled guilty to aggravated robbery and was sentenced to 60 years confine-

1. Tex.R.App.Pro. 44.2 is now the applicable standard for reversible error in criminal cases.

2. The Court of Appeals mistakenly stated that *Cain* is a plurality opinion. Judge Keller wrote the lead opinion, joined by Presiding Judge McCormick, and Judges Holland and Womack. Judge Mansfield joined the opinion, but wrote separately. Therefore, the opinion garnered five votes and is a majority in all respects. Judges Baird, Overstreet, and Price concurred in the

result or the judgment, but not the opinion. Judge Meyers concurred without opinion. The Court of Appeals may have been confused because the opinion's synopsis did not name those judges who joined the opinion but did not write separately. This Court sits en banc when considering petitions for discretionary review. See Tex.R.App.Pro. 76 (formerly Rule 222). All nine judges participate in this Court's opinions unless specifically listed as not participating.

ment. The trial court wholly failed to admonish appellant regarding the range of punishment pursuant to Tex.Code Crim. Proc. Ann. art. 26.13(a)(1). The Court of Appeals reversed, relying upon *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Cr.App.1980). *High v. State,* 962 S.W.2d 53 (Tex.App.— Houston [First Dist.] 1997). The majority now vacates that judgment and remands for a harm analysis to be conducted pursuant to Tex.R.App. P. 44.2.

Tex.Code Crim. Proc. Ann. art. 26.13 is unique in that it prescribes its own harm inquiry in the event of noncompliance. *See, id.,* at (c). Under a subsection (c) inquiry there can not be substantial compliance where there was no compliance. *Cain v. State,* 947 S.W.2d 262, 264 (Tex.Cr.App.1997) ("To claim that an admonishment was in substantial compliance even though it was never given is a legal fiction.") (citing *Morales v. State,* 872 S.W.2d 753 (Tex.Cr.App. 1994)). Therefore, the inquiry is over and reversal is mandated. Because of this unique statutory feature, it is improper for this Court to require an additional and separate harm analysis. *Matchett v. State,* 941 S.W.2d 922, 942 (Tex.Cr.App.1996) (BAIRD and Mansfield, JJ., concurring). It is improper because the effect of performing a rule 44.2 analysis after performing the subsection (c) inquiry is to permit the rule to trump the statute. This, of course, violates the accepted scheme of hierarchical governance that statutory provisions prevail over court-promulgated rules. *See generally,* Tex. R.Crim. Evid. 101(c).

With these comments, I dissent.

OVERSTREET, MEYERS and PRICE, JJ., join this opinion.