Opinion issued September 23, 200



4














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01017-CR
____________
 
CHARLES ROBBINS TAYLOR, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 42,166
 

 
 
MEMORANDUM OPINION
          In a single proceeding, a jury found appellant, Charles Robbins Taylor, guilty
of two separate offenses of indecency with a child by engaging in sexual conduct


 and
of the offense of indecency with a child by exposing appellant’s genitals.


 The trial
court assessed punishment at confinement for 10 years, suspended the imposition of
the sentence, placed appellant on community supervision for seven years, and fined
him $3,000. In two points of error, appellant contends that the trial court erred in
admitting unqualified expert testimony and in excluding evidence concerning (1) “the
property division and events surrounding the divorce” between appellant and the
complainant’s mother, (2) the control and influence the complainant’s mother had
over the complainant, and (3) the threats that the complainant’s mother allegedly
made to appellant and to others regarding the property division. We affirm.
Facts
          The complainant, appellant’s step-daughter, testified that, during the summer
of 1992 when she was thirteen or fourteen years old, appellant approached her in her
bedroom while she was sitting on the floor playing a board game. Appellant, wearing
very short shorts and no underwear, then sat down on the floor across from the
complainant, exposing his penis and testicles to her.
          After this incident, appellant began entering the complainant’s bedroom at
night. Appellant would sit beside the complainant on her bed, kiss her on the mouth,
and fondle her breasts and buttocks. When the complainant would ask appellant to
stop, appellant would respond that he was not doing anything wrong. The
complainant began locking her bedroom door at night to prevent appellant from
entering her bedroom. However, the complainant’s mother subsequently insisted that
the complainant leave her door unlocked for safety reasons. Thereafter, appellant
continued to enter the complainant’s bedroom at night, and his visits lasted
throughout the complainant’s high school years.
          In August 2000, the complainant contacted Lake Jackson Police Sergeant B.
Richards and told him that appellant had sexually abused her for a number of years. 
Richards told the complainant that she needed to come to the Lake Jackson police
station and to give a statement. The complainant subsequently gave a statement, but
decided not to sign it. The complainant also decided not to file a complaint against
appellant because she was concerned about the effect that it would have on her family
and about her name appearing in the newspaper. However, in the fall of 2001, after
attending therapy for several months, the complainant decided to sign the statement
and to initiate a criminal complaint against appellant.
          Tanja Smith, the complainant’s mother, testified that, on July 8, 2000, she tape-
recorded a conversation between herself and appellant, during which appellant
admitted that he had exposed himself to the complainant. Appellant also admitted
that on numerous occasions, while “tuck[ing]” the complainant in at night, he had
touched her breasts and buttocks and had become sexually aroused. The State
subsequently introduced the tape into evidence at trial.
          Sergeant Richards testified that, on November 21, 2001, he interviewed
appellant at the Lack Jackson police station. During this interview, appellant
admitted that he had exposed himself to the complainant, had kissed her on the
mouth, and had inappropriately touched her breasts and buttocks. When Richards
asked appellant to sign a written statement acknowledging these admissions,
appellant refused and stated that he wanted to speak with his attorney.
          Appellant testified that he had never touched the complainant inappropriately. 
Appellant admitted, however, that he had exposed himself to the complainant on one
occasion, but he testified that it was an accident. In regard to his admissions on the
tape recording introduced into evidence by the State, appellant explained that he
made the statements in an effort to tell the complainant’s mother “anything she
wanted to hear” because he thought that it would improve his chances of getting back
together with her. 
Expert Testimony
          In his first point of error, appellant contends that the trial court erred in
admitting unqualified expert testimony offered by the State.
          Texas Rule of Evidence 702 provides that, if scientific, technical, or other
specialized knowledge will assist the trier of fact to understand the evidence or to
determine a fact in issue, a witness qualified as an expert by knowledge, skill,
experience, training, or education may testify thereto in the form of an opinion or
otherwise. Tex. R. Evid. 702. We review a trial court’s decision to admit or exclude
expert testimony for an abuse of discretion. Kelly v. State, 824 S.W.2d 568, 574 (Tex.
Crim. App. 1992). 
          As part of its case in chief, the State called Dr. Belinda Skloss, a
psychotherapist who had been treating the complainant, to testify. Thereafter,
appellant requested a hearing, outside the jury’s presence, to determine whether Dr.
Skloss was qualified to testify as an expert. The trial court subsequently ruled that
Dr. Skloss was not qualified to testify as an expert, but that the State could have her
testify as a fact witness.
          After the jury returned to the courtroom, Dr. Skloss testified that she had
treated numerous children who had been sexually abused and that these children
commonly had exhibited the following characteristics: low self-esteem, poor impulse
control skills, eating disorders, nightmares, high blood pressure, and ulcers. When
asked about characteristics that she had observed in the complainant, Dr. Skloss
testified, over appellant’s objection, that the complainant exhibited low self-esteem
and poor impulse control skills.
          Thereafter, the trial court conducted another hearing outside the jury’s
presence, and it then ruled as follows:
All right. I will agree with [appellant] that [Dr. Skloss’] diagnos[i]s is
not relevant. What I will allow is - - and the only thing that I will allow
- - is that she is being treated at this time for allegations of sexual abuse,
period. That’s it. Because I don’t think her diagnosis, in 2001, or her
diagnosis now is relevant.

After the jury returned to the courtroom, the trial court gave the following instruction:
Let me give you one, first of all, one instruction. And that instruction
is as follows: Any testimony from [Dr. Skloss] regarding whether [the
complainant] in this case . . . was actually sexually abused, I am
instructing you to disregard. Also, I am instructing you to disregard any
diagnosis of [Dr. Skloss] at this time.

          Appellant argues that the trial court erred in allowing Dr. Skloss to testify that
she had observed that the complainant had low self-esteem and poor impulse control
skills and that these are characteristics commonly exhibited by sexually abused
children. Appellant asserts that “[t]his testimony fails to meet the three requirements
for expert testimony under [Texas Rule of Evidence] 702.” Appellant also asserts
that the trial court “contradicted its own ruling” by allowing Dr. Skloss to give expert
testimony after determining that she was not qualified to do so.
          It is true that the trial court concluded that Dr. Skloss was not qualified to give
expert testimony. It is also true that Dr. Skloss testified that the complainant
exhibited low self-esteem and poor impulse control skills and that sexually abused
children commonly exhibit such characteristics. However, the trial court
subsequently instructed the jury to disregard any testimony from Dr. Skloss
concerning her “diagnosis” of the complainant. This instruction included Dr. Skloss’
testimony that she had observed that the complainant had low self-esteem and poor
impulse control skills and that these are characteristics common to sexually abused
children. In the absence of evidence to the contrary, we must presume that a jury
followed a trial court’s instruction to disregard. Westbrook v. State, 29 S.W.3d 103,
116 (Tex. Crim. App. 2000). Here, appellant has presented no evidence to indicate
otherwise. Accordingly, we overrule appellant’s first point of error.
Evidence Concerning Divorce
          In his second point of error, appellant contends that the trial court erred in
excluding evidence concerning (1) “the property division and events surrounding the
divorce” between appellant and Tanja Smith (Smith), the complainant’s mother; (2)
the control and influence Smith had over the complainant; and (3) the threats that
Smith allegedly made to appellant and to others regarding the property division. 
          An appellant’s brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record. Tex. R.
App. P. 38.1(h). Regarding the exclusion of property division evidence, in his brief,
appellant contends only that he preserved error, made timely offers of proof, and was
harmed. However, appellant does not explain in his brief how the trial court erred in
excluding such evidence. Furthermore, appellant provides no legal authority in
support of his contention that the trial court erred. See Alvarado v. State, 912 S.W.2d
199, 210 (Tex. Crim. App. 1995). It is not the appellate court’s “task to speculate as
to the nature of an appellant’s legal theory.” Id. The right to appellate review
extends only to complaints made in accordance with the rules of appellate procedure. 
Id. (citing Foster v. State, 779 S.W.2d 845, 864 (Tex. Crim. App. 1989)). Thus,
regarding appellant’s contention that the trial court erred in excluding evidence
concerning “the property division and events surrounding the divorce,” we hold that
appellant has not presented any error for our review. 
           Secondly, regarding appellant’s contention that he was prevented from
presenting evidence regarding Smith’s control over the complainant, in his brief,
appellant again provides no specific references to the record where such evidence was
offered and excluded. Failing to direct a reviewing court to the locations in the
record where the trial court has committed error presents nothing for review. Id.
(citing Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992)). An appellate
court has no duty to “pore through hundreds of pages of record in an attempt to verify
an appellant’s claims.” Id. Moreover, our review of the record contradicts
appellant’s contention that the trial court prevented him from presenting such
evidence. The trial court permitted appellant to question the complainant, Smith, and
Charles Taylor Jr., appellant’s son, about the relationship between the complainant
and Smith. Thus, we hold that, regarding appellant’s contention that the trial court
erred in excluding evidence concerning the control and influence Smith had over the
complainant, appellant has not presented any error for our review. 
          Finally, appellant does not demonstrate how the trial court prevented him from
presenting evidence regarding threats that Smith allegedly made to appellant
regarding the property division. When a trial court erroneously admits or excludes
evidence, any non-constitutional error that does not affect substantial rights must be
disregarded. High v. State, 998 S.W.2d 642, 644 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d); see Tex. R. App. P. 44.2(b). “A substantial right is affected when
the error had a substantial and injurious effect or influence in determining the jury's
verdict.” King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Here, it is not
clear from the record whether the trial court, in fact, excluded evidence concerning
the threats Smith allegedly made to appellant when it sustained the State’s objection
to evidence concerning the property division. However, to the extent that the trial
court excluded such evidence, the trial court did so because it expressly determined
that the threats were not relevant to the matters the jury was to determine. 
Subsequently, the trial court permitted appellant to question both Smith and Rudy
Taylor, appellant’s father, about whether Smith had ever threatened appellant with the
contents of the July 8, 2000 tape. Where evidence alleged to have been erroneously
excluded is later admitted through another source, any error in excluding it is
harmless. See Railsback v. State, 95 S.W.3d 473, 480 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d). Thus, we hold that, assuming the trial court erred in initially
excluding evidence of the threats that Smith had allegedly made to appellant and to
others regarding the property division, appellant has not shown how he was harmed
by such error. See Tex. R. App. P. 44.2. Accordingly, we overrule appellant’s second point of error.

Conclusion

          We affirm the judgment of the trial court.

 




                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).