11th Court of Appeals
Eastland, Texas
Opinion
 
Harry Melton Phillips, Jr.
            Appellant
Vs.                  No. 11-03-00310-CR -- Appeal from Eastland County
State of Texas
            Appellee
 
            The jury convicted Harry Melton Phillips, Jr. of injury to a disabled individual and assessed
his punishment at 10 years confinement and a $10,000 fine. We affirm.
            There is no challenge to the sufficiency of the evidence. There is, however, a challenge to
the admissibility of an extraneous offense.
            The testimony of former Texas Ranger Delmer Gene Kea, who was working for the Eastland
Police Department at the time of this offense, showed that on May 22, 2002, Joyce Whitley, a
registered nurse employed by Home Health Service, contacted officers with the Eastland Police
Department. As a part of her employment with Home Health Service, Whitley had gone to the
victim’s house to perform certain duties as well as to check on the victim. After Whitley had made
her report to the Eastland police officers, an investigation began. The investigation involved the
offense of injury to a disabled person, centered around Stephanie Leigh Davis as the victim, and
focused on appellant as the suspect.
            The investigation took the officers to the victim’s house. Appellant also lived at that house
at the time. The seven officers involved positioned themselves at various places around the
residence. Appellant was located hiding between some bushes and a storage building in the
backyard of the next-door residence.
            Eastland Police Chief Cecil Funderburgh took a written statement from the victim. Based
upon the victim’s written statement and the injuries observed, the officers made the decision to arrest
appellant for the offense of injury to a disabled person. Appellant had been moved from his place
of hiding to the front yard where he was arrested for this offense. Officer Kea took appellant to the
Eastland Police Department. The State offered testimony of Officer Kea regarding the content of
statements that appellant made while he was being transported to the police department as well as
statements that he made at the police department. The trial court sustained appellant’s objections
to the admissibility of the statements.
            Sergeant Frank Saylors, a 21-year veteran police officer, testified at the trial. Sergeant
Saylors also participated in the investigation of this offense and in the arrest of appellant. Sergeant
Saylors had known the victim for 10 or 12 years. When he saw the victim on May 22, 2002, he
noticed a large bruise in the area of her left eye. The bruise was consistent with being hit in the eye
with a fist. Over appellant’s objection, Sergeant Saylors testified that this was not the first time that
he had seen the victim with a bruised eye. On August 28, 2001, Sergeant Saylors was one of the
officers who responded to a call from the police dispatcher requesting the assistance of officers at
the victim’s residence. When Sergeant Saylors saw the victim on this occasion, there was a large
bruise on the victim’s left eye accompanied by swelling in that area. There were also small scratches
on her cheek and a scratch underneath her neck. The bruising was consistent with “her being hit in
the eye with a fist.” Appellant was present at the victim’s residence on that date. Sergeant Saylors
overheard appellant tell other officers that he had hit her on that occasion “because she made him
mad, because she would not quit hollering. She just kept on and on.”
            The State called the victim as a witness. The victim had been in a car accident in January
1998. She was in a coma for 30 days after the wreck and spent about 4 months in the hospital. 
During that time, the victim had her spleen removed and received a “trach” in her neck. As a result
of her injuries, it was necessary for the victim to relearn how to walk and how to talk. She also
suffered with equilibrium and vision problems. She was not able to drive a vehicle. The car wreck
injuries also left the victim with short-term memory problems. The victim did remember that
appellant hit her in the face with his fist in May 2002. In addition to hitting her in the eye with his
fist, appellant also kicked or hit the victim in the throat and the chest; she had a big knot on her
chest, and she felt pain upon infliction of each of the injuries. Shortly before trial, the victim
contacted the State and said that she did not want to prosecute the case. The victim testified that she
did not want to prosecute the case because she did not want to be “looking over [her] shoulder.”             Appellant’s counsel attempted to impeach the victim with evidence that she had been charged
with an offense involving missing computers and insurance money. The victim admitted that she
had been charged with an offense involving missing computers and insurance money. Appellant’s
attorney also elicited testimony that the victim had been convicted of the offense of driving while
intoxicated. Appellant’s attorney also attempted to impeach the victim by showing that she was a
frequent patron of a local bar and dance hall even though she claimed to be disabled.
            In three points of error, appellant claims that the trial court erred when it admitted evidence
of the August 2001 extraneous offense. Prior to admitting evidence of the extraneous offense, the
trial court conducted a hearing outside the presence of the jury. 
            The State maintains that the evidence was admissible under TEX.R.EVID. 404(b). Appellant
claims that Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to
prove the character of a person in order to show that he acted in conformity therewith on a particular
occasion. The State responds that evidence of other crimes, wrongs, or acts may be admissible for
other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity,
or absence of mistake or accident. See Rule 404(b).
            A trial court’s ruling on the admissibility of extraneous offenses is reviewed for an abuse of
discretion. Page v. State,137 S.W.3d 75, 78 (Tex.Cr.App.2004). A trial court abuses its discretion
in connection with admissibility of evidence if its decision is outside the zone of reasonable
disagreement. Robbins v. State, 88 S.W.3d 256, 261 (Tex.Cr.App.2002). An appellate court may
not decide the issue de novo; its review must be deferential. Robbins v. State, supra. Further, the
reviewing court should uphold the trial court’s decision if it is correct on any legal theory applicable
to the case. Robbins v. State, supra at 262.
            The question becomes whether there were any matters such as motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident raised as issues in this case. 
A simple plea of not guilty does not by itself bring such matters into issue. Robbins v. State, supra
at 260. However, a defendant who enters a simple plea of not guilty might go beyond that simple
plea of not guilty and put one of the listed matters at issue. This might be accomplished if a
defendant undertook a vigorous cross-examination of a witness or by some other means, including
the presentation of various defensive theories, raised any of the enumerated issues. Robbins v. State,
supra at 261.
            We believe that the trial court could have found that appellant’s cross-examination of the
victim could have raised at least the issues of intent, opportunity, and absence of accident. Appellant
attempted, through his cross-examination of the victim, to attack her credibility regarding her state
of disability. Appellant pointed out that she had been convicted of various crimes and also that, until
recently, she had been a regular patron of a local bar and dance hall. Appellant’s intent to attack the
victim’s disability status is apparent from appellant’s jury argument. Appellant’s attorney told the
jury that “the question is: How disabled is she and what are we looking at here?” He further argued
that people who are not able “to care for themselves -- don’t spend three nights a week at a saloon
and dance hall. That is a fact.” Furthermore, appellant referenced the victim’s alleged inability to
remember the insurance fraud case regarding the computers and cashing the “insurance check for
the computers that weren’t missing.” We hold that appellant went beyond merely entering a guilty
plea in this case and that his cross-examination made admissible that which might otherwise have
been inadmissible. In any event, the trial court was within the zone of reasonable disagreement when
it admitted the extraneous offense and did not abuse its discretion.
            Moreover, even if the trial court had abused its discretion in admitting the extraneous offense
testimony, any non-constitutional error that does not affect substantial rights must be disregarded. 
TEX.R.APP.P. 44.2(b); High v. State, 998 S.W.2d 642, 644 (Tex.App. - Houston [1st Dist.] 1999,
pet’n ref’d). A substantial right is affected when the error had a substantial and injurious effect or
influence in determining the jury’s verdict. King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App.1997). 
A criminal conviction should not be overturned for non-constitutional error if the appellate court,
after examining the record as a whole, has fair assurance that the error did not influence the jury, or
had but slight effect. Morales v. State, 32 S.W.3d 862, 867 (Tex.Cr.App.2000).
            During appellant’s case-in-chief, the victim was recalled to testify. Appellant’s counsel
questioned the victim about the incident in August 2001. The victim testified that there were
“several occasions” in which appellant had assaulted her. Error, if any, in admitting the extraneous
offense evidence was harmless. Leday v. State, 983 S.W.2d 713 (Tex.Cr.App.1998). Moreover,
viewing all of the evidence, we do not find that the alleged error would have affected a substantial
right or had an injurious effect or influence in determining the jury’s verdict. We have considered
all of appellant’s points of error, and all are overruled.
            The judgment of the trial court is affirmed.
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
April 21, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.