Hasiton Lee SCOTT, Jr., Appellant,

v.

The STATE of Texas.

No. 2–01–285–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 19, 2002.

Deborah Nekhom, Fort Worth, Dean Swanda, Arlington, for Appellant.

Tim Curry, Criminal District Attorney, Charles Mallin, Chief, Appellate Division, C. James Gibson, Bret Helmer, Assistant District Attorneys of Tarrant County, for Appellee.

PANEL F: CAYCE, C.J., GARDNER and WALKER, JJ.

**OPINION**

ANNE GARDNER, Justice.

Appellant Hasiton Lee Scott, Jr. appeals from his conviction for aggravated assault with a deadly weapon. We affirm.

On June 13, 2001, appellant entered an open plea of guilty to the offense. Appellant had also signed written plea admonishments, which adequately admonished appellant regarding his rights. In the written admonishments, appellant waived his right to a jury trial, right to appearance, and his right to confrontation of wit-

nesses, as well as several other rights. Appellant also signed a written judicial confession. There is no court reporter's record from the plea hearing. After a punishment hearing, the trial court sentenced appellant to seven years' imprisonment. Appellant filed a general notice of appeal on June 22, 2001.

Appellant's court-appointed appellate counsel originally filed a motion to withdraw as counsel and a brief in support of that motion pursuant to *Anders v. California*, arguing that any appeal from the trial court's judgment would be frivolous. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant, proceeding pro se, also filed a brief on his own behalf, challenging the effectiveness of counsel at trial and challenging appellate counsel's authority to withdraw. After the case was submitted to the court, however, counsel requested that we grant him leave to file a post-submission brief raising an issue on appeal. The issue is not raised in the context of *Anders*, but is raised in an effort to reverse the judgment of the trial court. We granted counsel's request and will address the issue raised in the post-submission brief as well as the issues raised by appellant in his pro se brief in the interest of justice. *See Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex.Crim.App.1989) (stating court may permit hybrid representation at its discretion). As a result, this court no longer needs to conduct an *Anders* review of the record, and we deny counsel's motion to withdraw as moot.

■ In counsel's supplemental brief, he contends that because the plea hearing was not on the record, the record is inadequate under the United States Constitution to show appellant voluntarily entered his plea. Counsel relies on Justice Cohen's concurring opinion in *High v. State*, 998 S.W.2d 642, 645–49 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (Cohen, J., con-

curring). We first note that we have jurisdiction to consider this issue because it calls into question the voluntariness of appellant's plea and because it involves potential error occurring before entry of the plea of which the judgment would be dependent upon to be affirmed. *See Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim. App.2000); *Flowers v. State*, 935 S.W.2d 131, 133 (Tex.Crim.App.1996); *Broddus v. State*, 693 S.W.2d 459, 460–61 (Tex.Crim. App.1985).

In *High*, Justice Cohen relied on the United States Supreme Court's opinion in *Boykin v. Alabama* in stating, "I believe *Boykin* means that the defendant not only must be admonished, but the admonishment—including the range of punishment—must be on the record." *High*, 998 S.W.2d at 646 (Cohen, J., concurring) (relying on *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The trial court in *High* completely failed to admonish the defendant regarding the punishment range. *Id.* at 643 (majority op.). Thus, there was no record of the admonishment because there was no admonishment.

■ Evidence of appellant's plea, however, is in the clerk's record. Appellant signed written plea admonishments and a judicial confession and pleaded guilty to the offense in writing, all of which are in the clerk's record and are before this court. *See Cutrer v. State*, 995 S.W.2d 703, 706 (Tex.App.-Texarkana 1999, pet. ref'd) (holding prima facie evidence of voluntary and knowing plea is presented where defendant was properly admonished in writing). Appellant also signed a waiver of rights form, waiving, among other rights, his right to have a reporter's record made of the plea proceedings. *See Lee v. State*, 39 S.W.3d 373, 375 n. 1 (Tex.App.-Houston [1st Dist.] 2001, no pet.) ("There is no requirement that the judge orally inquire about voluntariness of

a plea after a defendant has signed written admonishments, statements, or waivers, and it is established that the defendant has understood them."). There is no constitutional requirement that appellant's plea be noted in a court reporter's record. *Id.; see also* TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989) (permitting trial court to admonish defendant orally or in writing); *Cantu v. State*, 988 S.W.2d 481, 484 (Tex.App.-Houston [1st Dist] 1999, pet. ref'd) (holding defendant who waived court reporter and received written admonishments could not show plea was involuntary); *Wright v. State*, 962 S.W.2d 661, 663 (Tex.App.-Fort Worth 1998, no pet.) (stating court may admonish the defendant either orally or in writing). Thus, we overrule the sole point raised in counsel's supplemental brief on appellant's behalf.

In appellant's pro se brief, he argues that his counsel was ineffective for advising appellant to waive his rights and plead guilty and objects to his appellate counsel filing a motion to withdraw pursuant to *Anders*. Because appellant has not demonstrated where in the record there is evidence of counsel's ineffectiveness at trial, we overrule his ineffective assistance of counsel claim. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999) (stating allegation of ineffectiveness must be firmly grounded in record). Because appellate counsel filed a post-submission brief raising an issue of appeal to support reversal of the judgment, we also overrule appellant's objection as moot.

Having addressed and overruled both the argument of appellant's counsel on appeal and appellant's pro se issues, we deny counsel's motion to withdraw as moot and affirm the trial court's judgment.