

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NOS.  **2-08-046-CR**
**2-08-047-CR**
**2-08-048-CR**
**2-08-049-CR**

FELTON E. WILSON                                    APPELLANT

V.

THE STATE OF TEXAS                                    STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Felton E. Wilson appeals his four drug-related convictions.

We affirm his convictions, and we grant his appellate counsel's motion to

---

[1] *See* Tex. R. App. P. 47.4.

withdraw on the basis of counsel's *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

## Background Facts

A Tarrant County grand jury issued four indictments against appellant for charges of possession of marijuana of more than four ounces but less than five pounds,[2] possession of a controlled substance (methylenedioxy methamphetamine) of more than four but less than four hundred grams,[3] possession of a controlled substance (cocaine) of less than one gram,[4] and possession with intent to deliver a controlled substance (cocaine) of more than four but less than two hundred grams.[5] The indictments related to the marijuana and the cocaine of less than one gram each contained an enhancement paragraph alleging that appellant had prior convictions that allowed him to be punished for those state jail felonies at a third degree felony level. *See* Tex. Health & Safety Code Ann. §§ 481.115(b), 481.121(b)(3); Tex. Penal Code Ann. § 12.42(a)(1) (Vernon Supp. 2008).

---

[2] *See* Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon 2003).

[3] *See id.* § 481.103(a)(1) (Vernon Supp. 2008), § 481.116(d) (Vernon 2003).

[4] *See id.* § 481.102(3)(D) (Vernon Supp. 2008), § 481.115(b) (Vernon 2003).

[5] *See id.* § 481.102(3)(D), § 481.112(d) (Vernon 2003).

After the State filed various pretrial documents, appellant entered an open plea of guilty to each charge. While entering the guilty pleas, appellant received admonishments, waived constitutional and statutory rights, and made judicial confessions to "each and every act alleged" in the indictments, specifically including the enhancement paragraphs. The trial court accepted his pleas, found him guilty of each of the four charges, and deferred sentencing so that a presentence investigation could be conducted.

At a sentencing hearing in February 2008, the trial court accepted the presentence investigation report[6] into evidence without objection, heard brief testimony from appellant's pastor, and listened to closing arguments from the parties. The trial court then sentenced appellant to ten years' confinement on each of the charges related to the marijuana and the cocaine under one gram, and it sentenced him to twenty years' confinement on the other cocaine charge and also on the methylenedioxy methamphetamine offense. The trial court ordered these sentences to run concurrently.

Appellant filed notices of these appeals. In July 2008, appellant's appellate counsel filed a motion to withdraw that expressed his determination

---

[6] The presentence investigation report detailed the facts related to appellant's charges, recited his criminal record, explained his family background and personal history, and recommended that he be confined.

3

that there were no meritorious grounds to continue the appeals; he concurrently filed a brief that satisfies the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008). Appellant filed a pro se letter brief.[7]

## Our Duties under *Anders*

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeals are frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because appellant entered open pleas of guilty, our independent review for potential error is limited to jurisdictional defects, the voluntariness of appellant's pleas, error that is not independent of and supports the judgment of guilt, and

---

[7] Appellant's pro se brief provides four reasons why he believes his trial counsel was ineffective. However, the factual allegations contained in his brief are not supported by the record; therefore, they cannot form a basis for us to determine whether his claims have merit. *See Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).

error occurring after entry of the guilty pleas. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); *Jack v. State*, 871 S.W.2d 741, 743–44 (Tex. Crim. App. 1994); *Scott v. State*, 86 S.W.3d 374, 375 (Tex. App.—Fort Worth 2002, no pet.).

**These Appeals are Frivolous**

We have carefully reviewed the record, counsel's *Anders* brief, and appellant's pro se brief. We agree with counsel that these appeals are wholly frivolous and without merit. We find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). We therefore grant counsel's motion to withdraw and affirm the trial court's judgments.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 26, 2009

5