COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

       NOS.  2-08-046-CR

       2-08-047-CR

        2-08-048-CR

        2-08-049-CR

 

 

FELTON E. WILSON                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Introduction








Appellant Felton E. Wilson appeals his four
drug-related convictions.  We affirm
his convictions, and we grant his appellate counsel=s motion
to withdraw on the basis of counsel=s Anders
brief.  See Anders v. California,
386 U.S. 738, 744B45, 87 S. Ct. 1396, 1400 (1967).

Background Facts

A Tarrant County grand jury issued four
indictments against appellant for charges of possession of marijuana of more
than four ounces but less than five pounds,[2]
possession of a controlled substance (methylenedioxy methamphetamine) of more
than four but less than four hundred grams,[3]
possession of a controlled substance (cocaine) of less than one gram,[4]
and possession with intent to deliver a controlled substance (cocaine) of more
than four but less than two hundred grams.[5]  The indictments related to the marijuana and
the cocaine of less than one gram each contained an enhancement paragraph
alleging that appellant had prior convictions that allowed him to be punished
for those state jail felonies at a third degree felony level.  See Tex. Health & Safety Code Ann.
'' 
481.115(b), 481.121(b)(3); Tex. Penal Code Ann. ' 12.42(a)(1)
(Vernon Supp. 2008).








After the State filed various pretrial documents,
appellant entered an open plea of guilty to each charge.  While entering the guilty pleas, appellant
received admonishments, waived constitutional and statutory rights, and made
judicial confessions to Aeach and every act alleged@ in the
indictments, specifically including the enhancement paragraphs.  The trial court accepted his pleas, found him
guilty of each of the four charges, and deferred sentencing so that a
presentence investigation could be conducted.

At a sentencing hearing in February 2008, the
trial court accepted the presentence investigation report[6]
into evidence without objection, heard brief testimony from appellant=s
pastor, and listened to closing arguments from the parties.  The trial court then sentenced appellant to
ten years= confinement on each of the
charges related to the marijuana and the cocaine under one gram, and it
sentenced him to twenty years=
confinement on the other cocaine charge and also on the methylenedioxy
methamphetamine offense.  The trial court
ordered these sentences to run concurrently.








Appellant filed notices of these appeals.  In July 2008, appellant=s
appellate counsel filed a motion to withdraw that expressed his determination
that there were no meritorious grounds to continue the appeals; he concurrently
filed a brief that satisfies the requirements of Anders by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  See Anders,
386 U.S. at 744B45, 87 S. Ct. at 1400; In re
Schulman, 252 S.W.3d 403, 406B12 (Tex.
Crim. App. 2008).  Appellant filed a pro
se letter brief.[7]

Our Duties under Anders








As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is
correct in concluding that the appeals are frivolous.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex.
App.CFort Worth 1995,
no pet.).  Only then may we grant counsel=s motion
to withdraw.  See Penson v.
Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).  Because appellant entered open pleas of
guilty, our independent review for potential error is limited to jurisdictional
defects, the voluntariness of appellant=s pleas,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty pleas. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App.
2003); Young v. State, 8 S.W.3d 656, 666B67 (Tex. Crim.
App. 2000); Jack v. State, 871 S.W.2d 741, 743B44 (Tex. Crim.
App. 1994); Scott v. State, 86 S.W.3d 374, 375 (Tex. App.CFort Worth 2002,
no pet.).

These Appeals are Frivolous

We have carefully reviewed the record, counsel=s Anders
brief, and appellant=s pro se brief.  We agree with counsel that these appeals are
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeals.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005).  We therefore grant
counsel=s motion
to withdraw and affirm the trial court=s
judgments.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. ' 481.121(b)(3)
(Vernon 2003).





[3]See id. ' 481.103(a)(1)
(Vernon Supp. 2008), ' 481.116(d) (Vernon
2003).





[4]See id. ' 481.102(3)(D)
(Vernon Supp. 2008), ' 481.115(b) (Vernon
2003).





[5]See id. ' 481.102(3)(D), ' 481.112(d) (Vernon
2003). 





[6]The presentence
investigation report detailed the facts related to appellant=s charges, recited his
criminal record,  explained his family
background and personal history, and recommended that he be confined.





[7]Appellant=s pro se brief provides
four reasons why he believes his trial counsel was ineffective.  However, the factual allegations contained in
his brief are not supported by the record; therefore, they cannot form a basis
for us to determine whether his claims have merit.  See Mata v. State, 226 S.W.3d 425, 432
(Tex. Crim. App. 2007); Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005).