

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-08-345-CR

---

IRUNGU BAKARI                                                            APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Irungu Bakari appeals his convicion for failing to label recordings.[2]   We affirm Bakari's conviction, and we grant his appellate

---

[1] *See* Tex. R. App. P. 47.4.

[2] At the time of the trial court's judgment, section 35.94 of the business and commerce code contained the offense supporting Bakari's conviction; the legislature repealed section 35.94 in 2007, and the effective date of the repeal was April 1, 2009.  *See* Act of May 22, 1989, 71st Leg., R.S., ch. 339 § 1, sec. 35.94, 1989 Tex. Gen. Laws 1305, 1307, *repealed by* Act of May 15, 2007, 80th Leg., R.S., ch. 885, §§ 2.47(a)(1), 4.02, 2007

counsel's motion to withdraw on the basis of counsel's *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

## Background Facts

In September 2007, a Tarrant County grand jury indicted Bakari with two counts of failing to label DVD recordings.[3] After the parties filed various pretrial documents, Bakari pled guilty and asked the trial court to assess his sentence after it reviewed a presentence investigation report.[4]

At a sentencing hearing more than two months later, the trial court acknowledged that it had reviewed Bakari's presentence investigation report,

---

Tex. Gen. Laws 1905, 2082, 2163.  The offense now appears in section 641.054 of that same code.  *See* Tex. Bus. & Com. Code Ann. § 641.054 (Vernon 2009).

[3] The indictment alleged that for commercial purposes, Bakari possessed at least 65 DVDs in a 180-day period that did not clearly and conspicuously disclose the actual name and address of the manufacturer and the name of the performer or group.  *See* Tex. Bus. & Com. Code Ann. § 641.054(b)(1)(A). This offense carries punishment of up to five years' confinement.  *See id*. § 641.054(b)(1).

[4] Bakari received the trial court's oral and written admonishments about the consequences of his plea, and he affirmed that he had entered the plea and had waived his constitutional rights freely and voluntarily.  In connection with Bakari's guilty plea in this case, the trial court (with the State's consent) barred prosecution of similar crimes in other cause numbers.

and it heard testimony from an investigator and from Bakari.[5] The trial court then heard closing arguments from the parties, and it sentenced Bakari to four years' confinement and a $10,000 fine. Bakari filed his notice of appeal.

In December 2008, Bakari's appointed appellate counsel filed a motion to withdraw from Bakari's representation; he concurrently filed a letter that he sent to Bakari (relaying his opinion to Bakari that Bakari had no legitimate appellate issues) and a brief that meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why the appeal is frivolous. *See Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Although we have given Bakari an opportunity to file a pro se brief, he has not done so.

## Our Duties Under *Anders*

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim.

---

[5] Among other things, the investigator testified that he saw Bakari selling what appeared to be illegally-made DVDs about a week before the sentencing hearing. Bakari testified about his motivation of selling the DVDs, which was to feed himself and his family. He admitted to lying about information contained in the presentence investigation report, and he asked the trial court to put him on probation.

3

App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Bakari entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Bakari's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000); *Jack v. State*, 871 S.W.2d 741, 743–44 (Tex. Crim. App. 1994); *Scott v. State*, 86 S.W.3d 374, 375 (Tex. App.—Fort Worth 2002, no pet.).

**This Appeal Is Frivolous**

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit and that there is nothing in the record that could arguably support the appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 25, 2009