COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-345-CR

 

 

IRUNGU BAKARI                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellant Irungu Bakari appeals his convicion for
failing to label recordings.[2]  We affirm Bakari=s
conviction, and we grant his appellate counsel=s motion
to withdraw on the basis of counsel=s Anders
brief.  See Anders v. California,
386 U.S. 738, 744B45, 87 S. Ct. 1396, 1400 (1967).

                                        Background
Facts

In September 2007, a Tarrant County grand jury
indicted Bakari with two counts of failing to label DVD recordings.[3]  After the parties filed various pretrial
documents, Bakari pled guilty and asked the trial court to assess his sentence
after it reviewed a presentence investigation report.[4]  








At a sentencing hearing more than two months
later, the trial court acknowledged that it had reviewed Bakari=s
presentence investigation report, and it heard testimony from an investigator
and from Bakari.[5]  The trial court then heard closing arguments
from the parties, and it sentenced Bakari to four years=
confinement and a $10,000 fine.  Bakari
filed his notice of appeal.

In December 2008, Bakari=s
appointed appellate counsel filed a motion to withdraw from Bakari=s
representation; he concurrently filed a letter that he sent to Bakari (relaying
his opinion to Bakari that Bakari had no legitimate appellate issues) and a
brief that meets the requirements of Anders by presenting a professional
evaluation of the record and demonstrating why the appeal is frivolous.  See Anders, 386 U.S. at 744B45, 87
S. Ct. at 1400; In re Schulman, 252 S.W.3d 403, 406B12 (Tex.
Crim. App. 2008) (orig. proceeding). 
Although we have given Bakari an opportunity to file a pro se brief, he
has not done so.

                                   Our
Duties Under Anders








As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75,
82B83, 109
S. Ct. 346, 351 (1988).  Because Bakari
entered an open plea of guilty, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of Bakari=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty plea. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000); Jack v. State, 871 S.W.2d 741, 743B44 (Tex.
Crim. App. 1994); Scott v. State, 86 S.W.3d 374, 375 (Tex. App.CFort
Worth 2002, no pet.).

                                                    








                                    This
Appeal Is Frivolous

We have carefully reviewed the record and counsel=s
brief.  We agree with counsel that this
appeal is wholly frivolous and without merit and that there is nothing in the
record that could arguably support the appeal. 
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App.
2005).  We therefore grant counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

PER CURIAM

PANEL:  LIVINGSTON, J.; CAYCE,
C.J.; and MEIER, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]At the time of the trial
court=s judgment, section 35.94
of the business and commerce code contained the offense supporting Bakari=s conviction; the
legislature repealed section 35.94 in 2007, and the effective date of the
repeal was April 1, 2009.  See Act
of May 22, 1989, 71st Leg., R.S., ch. 339 ' 1, sec. 35.94, 1989 Tex. Gen. Laws 1305, 1307, repealed
by Act of May 15, 2007, 80th Leg., R.S., ch. 885, '' 2.47(a)(1), 4.02, 2007
Tex. Gen. Laws 1905, 2082, 2163.  The
offense now appears in section 641.054 of that same code.  See Tex. Bus. & Com. Code Ann. ' 641.054 (Vernon 2009).





[3]The indictment alleged
that for commercial purposes, Bakari possessed at least 65 DVDs in a 180-day
period that did not clearly and conspicuously disclose the actual name and
address of the manufacturer and the name of the performer or group.  See Tex. Bus. & Com. Code Ann. ' 641.054(b)(1)(A).  This offense carries punishment of up to five
years= confinement.  See id. ' 641.054(b)(1).





[4]Bakari received the trial
court=s oral and written
admonishments about the consequences of his plea, and he affirmed that he had
entered the plea and had waived his constitutional rights freely and
voluntarily.  In connection with Bakari=s guilty plea in this
case, the trial court (with the State=s consent) barred prosecution of similar crimes
in other cause numbers.





[5]Among other things, the
investigator testified that he saw Bakari selling what appeared to be
illegally-made DVDs about a week before the sentencing hearing.  Bakari testified about his motivation of
selling the DVDs, which was to feed himself and his family.  He admitted to lying about information
contained in the presentence investigation report, and he asked the trial court
to put him on probation.