

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 2-09-161-CR**
**2-09-162-CR**
**2-09-163-CR**

RAAN HENDERSON                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In three issues, Appellant Raan Henderson appeals his convictions on three counts of aggravated robbery. We affirm.

------------

[1]  *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

In March 2008, the State charged Henderson with six counts of aggravated robbery. Three months later, Henderson filed a "Motion to Have Official Court Reporter Make a Full Record." Nothing in the record shows that he presented this motion to the trial court or secured a ruling.

In February 2009, Henderson waived his right to a jury trial and entered open pleas of guilty to three of the six counts of aggravated robbery. The clerk's record contains Henderson's signed written plea admonishments. There is no reporter's record of the plea hearing.

In May 2009, during the punishment hearing, the trial court opened the proceedings with: "All right. For the record, we were here back in . . . February, at which time Mr. Henderson pled guilty to Count 1 in each case and the Court accepted his plea of guilty; however, I did not sentence him. . . ." Henderson did not object at that time, or at any other time, during the punishment hearing to the absence of a court reporter at the plea hearing. At the close of evidence, the trial court sentenced Henderson to nine years' confinement for each count, to run concurrently. This appeal followed.

## III. Voluntariness of Plea

In his third issue, Henderson argues that "there is nothing in the record to suggest that [he] was properly admonished"; therefore, without a record of the plea hearing, the State cannot show that his plea was voluntarily made. In two related

2

issues, he also complains that the trial court erred by not requiring a reporter's record of the plea hearing and that he is entitled to a new trial because the reporter's record of the plea hearing was "lost."

According to article 26.13(a)(1) of the Texas Code of Criminal Procedure, "[p]rior to accepting a plea of guilty . . . , the court shall admonish the defendant," inter alia, of the range of punishment attached to the offense.[2]  Tex. Code Crim. Proc. Ann. art. 26.13(a)(1).  Substantial compliance in making the admonishments is sufficient "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."  *Id.* art. 26.13(c).  The court may make the admonishments "either orally or in writing.  If the court makes the admonishments in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea."  *Id.* art. 26.13(d).  The giving of proper admonishments by the trial court creates a prima facie showing that a guilty plea is both knowing and voluntary.  *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  Although a defendant may still assert

---

[2]  Other admonishments include that the prosecutor's punishment recommendation is not binding on the court; that if the punishment assessed does not exceed that recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may appeal any matter not raised by written motion filed prior to trial; that if the defendant is not a U.S. citizen, pleading guilty may result in deportation; and that, if applicable, the defendant will be required to meet the registration requirements of chapter 62 (sex offender registration).  *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2)–(5) (Vernon Supp. 2009).

that his plea was not voluntary, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea, such that he suffered harm. *Id*.

In this case, Henderson pleaded guilty to three first degree felonies, for each of which he faced a punishment range of imprisonment between five years and life, and up to a $10,000 fine. *See* Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2009). In conjunction with his guilty pleas, Henderson signed written admonishments setting out the appropriate range of punishment. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a). Additionally, the admonishments included an explanation of open pleas; an acknowledgment that Henderson understood what he was doing and that he knowingly, freely, and voluntarily entered his plea; and a judicial confession to the crimes as charged. *See id.* art. 26.13(d). The written plea admonishments indicate that Henderson consulted fully with his attorney before entering his pleas and that he was aware of the consequences of pleading guilty. The deputy district clerk witnessed Henderson's signature on all three admonishment forms. The forms were approved by the trial judge, the State's attorney, and Henderson's attorney. The record before this court contains no evidence that Henderson's guilty pleas were not voluntary or knowing. *See Scott v. State*, 86 S.W.3d 374, 375 (Tex. App.—Fort Worth 2002, no pet.) (relying on evidence in the clerk's record to address the voluntariness of appellant's plea).

Furthermore, although there is no reporter's record of Henderson's plea hearing,[3] there is nothing in the record showing that Henderson objected to the court reporter's absence during or after the plea hearing either by motion or on the record made at the punishment hearing.[4] *See* Tex. R. App. P. 33.1; *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (stating that an objection is required to preserve a complaint regarding a court reporter's failure to record bench conferences); *Aranda v. State*, Nos. 02-08-00119-CR, 02-08-00120-CR, 2009 WL 279489, at *2–3 (Tex. App.—Fort Worth Feb. 5, 2009, no pet.) (mem. op., not designated for publication) (applying *Valle* to failure to request a record of a hearing on State's petition to adjudicate in ineffective-assistance-of-counsel analysis); *Brossette v. State*, 99 S.W.3d 277, 284–85 (Tex. App.—Texarkana 2003, pet. dism'd, untimely filed) (stating that failure to object to a court reporter's failure to record waives error).

---

[3] In the admonishment forms, Henderson crossed out the admonishment stating, "I give up and waive the attendance and record of a court reporter under Rule 13.1, Texas Rules of Appellate Procedure".

[4] Although we are sensitive to the difficulty of preserving an objection in the absence of a court reporter, we note that Henderson could have raised his complaint at the punishment hearing or in a motion for a new trial. *See Parker v. State*, 2005 WL 1593944, at *2 (Tex. App.—Fort Worth July 7, 2005, pet. ref'd) (mem. op., not designated for publication) (holding that appellant waived his complaint about the court reporter's failure to record the sentencing hearing when appellant did not first object in a motion for new trial).

And because Henderson can neither show that the plea hearing reporter's record is lost[5] nor, in light of the written plea admonishments in the record, that a reporter's record is necessary to show that he was properly admonished, he is not entitled to a new trial under rule of appellate procedure 34.6(f). *See* Tex. R. App. P. 34.6(f) (stating that an appellant is entitled to a new trial when, among other things, he shows that a significant portion of the court reporter's notes and records has been lost or destroyed *and* that the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution); *Williams v. State*, 937 S.W.2d 479, 486 (Tex. Crim. App. 1996) (analyzing former appellate procedure rule 50(e) on lost records and holding that when "the complaining party cannot show that the court reporter ever recorded the missing proceedings, he is not entitled to a new trial"); *see also Aranda*, 2009 WL 279489, at *4 ("Appellant cannot satisfy the requirements of rule 34.6(f) because he cannot show that any portion of the record related to the adjudication hearing was lost or destroyed; rather, he admits that no record of the proceeding was made."); *Killough v. State*, No. 04-07-00762-CR, 2008 WL 506286, at *1 (Tex. App.—San Antonio Feb. 27, 2008, pet. ref'd) (mem. op., not designated for publication) (applying *Williams* to rule 34.6(f)).

Accordingly, we overrule Henderson's three issues.

---

[5] Henderson relies upon the affidavit of the court reporter to support the proposition that the record is lost, but the affidavit merely states, "After a thorough review, it appears that no record was made of Raan Henderson's plea of guilty in any of the cause numbers listed above. It is also *possible* that the record was *lost* or misplaced but cannot currently be found." [Emphasis added.]

## IV.  Conclusion

Having overruled all three of Henderson's issues, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 4, 2010