COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                               NOS.  2-09-161-CR

          2-09-162-CR

          2-09-163-CR

 

 

RAAN
HENDERSON                                                                          APPELLANT

 

                                                             V.

 

THE
STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  Introduction

In three issues, Appellant Raan
Henderson appeals his convictions on three counts of aggravated robbery.  We affirm.








II.  Factual and Procedural Background

In March 2008, the State charged
Henderson with six counts of aggravated robbery.  Three months later, Henderson filed a AMotion to Have Official Court
Reporter Make a Full Record.@ 
Nothing in the record shows that he presented this motion to the trial
court or secured a ruling.

In February 2009, Henderson waived
his right to a jury trial and entered open pleas of guilty to three of the six
counts of aggravated robbery.  The clerk=s record contains Henderson=s signed written plea
admonishments.  There is no reporter=s record of the plea hearing. 

In May 2009, during the punishment
hearing, the trial court opened the proceedings with:  AAll right.  For the
record, we were here back in . . . February, at which time Mr. Henderson pled
guilty to Count 1 in each case and the Court accepted his plea of guilty;
however, I did not sentence him. . . .@  Henderson did not
object at that time, or at any other time, during the punishment hearing to the
absence of a court reporter at the plea hearing.  At the close of evidence, the trial court
sentenced Henderson to nine years= confinement for each count, to run concurrently.  This appeal followed.

III.  Voluntariness of Plea








In his third issue, Henderson argues
that Athere is nothing in the record to
suggest that [he] was properly admonished@; therefore, without a record of the plea hearing, the State
cannot show that his plea was voluntarily made. 
In two related issues, he also complains that the trial court erred by
not requiring a reporter=s record of the plea hearing and that
he is entitled to a new trial because the reporter=s record of the plea hearing was Alost.@








According to article 26.13(a)(1) of
the Texas Code of Criminal Procedure, A[p]rior to accepting a plea of guilty . . . , the court shall
admonish the defendant,@ inter alia, of the range of
punishment attached to the offense.[2]  Tex. Code Crim. Proc. Ann. art.
26.13(a)(1).  Substantial compliance in
making the admonishments is sufficient Aunless the defendant affirmatively shows that he was not
aware of the consequences of his plea and that he was misled or harmed by the
admonishment of the court.@ 
Id. art. 26.13(c).  The
court may make the admonishments Aeither orally or in writing. 
If the court makes the admonishments in writing, it must receive a
statement signed by the defendant and the defendant=s attorney that he understands the
admonitions and is aware of the consequences of his plea.@ 
Id. art. 26.13(d).  The
giving of proper admonishments by the trial court creates a prima facie showing
that a guilty plea is both knowing and voluntary.  Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998).  Although a
defendant may still assert that his plea was not voluntary, the burden shifts
to the defendant to demonstrate that he did not fully understand the
consequences of his plea, such that he suffered harm.  Id.

In this case, Henderson pleaded
guilty to three first degree felonies, for each of which he faced a punishment
range of imprisonment between five years and life, and up to a $10,000
fine.  See Tex. Penal Code Ann. ' 12.32 (Vernon Supp. 2009).  In conjunction with his guilty pleas,
Henderson signed written admonishments setting out the appropriate range of punishment.  See Tex. Code Crim. Proc. Ann. art.
26.13(a).  Additionally, the
admonishments included an explanation of open pleas; an acknowledgment that
Henderson understood what he was doing and that he knowingly, freely, and voluntarily
entered his plea; and a judicial confession to the crimes as charged.  See id. art. 26.13(d).  The written plea admonishments indicate that
Henderson consulted fully with his attorney before entering his pleas and that
he was aware of the consequences of pleading guilty.  The deputy district clerk witnessed Henderson=s signature on all three admonishment
forms.  The forms were approved by the
trial judge, the State=s attorney, and Henderson=s attorney.  The record before this court contains no
evidence that Henderson=s guilty pleas were not voluntary or
knowing.  See Scott v. State, 86
S.W.3d 374, 375 (Tex. App.CFort Worth 2002, no pet.) (relying on
evidence in the clerk=s record to address the voluntariness
of appellant=s plea).








Furthermore, although there is no
reporter=s record of Henderson=s plea hearing,[3]
there is nothing in the record showing that Henderson objected to the court
reporter=s absence during or after the plea
hearing either by motion or on the record made at the punishment hearing.[4]  See Tex. R. App. P. 33.1; Valle v.
State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (stating that an
objection is required to preserve a complaint regarding a court reporter=s failure to record bench conferences);
Aranda v. State, Nos. 02-08-00119-CR, 02-08-00120-CR, 2009 WL 279489, at
*2B3 (Tex. App.CFort Worth Feb. 5, 2009, no pet.)
(mem. op., not designated for publication) (applying Valle to failure to
request a record of a hearing on State=s petition to adjudicate in ineffective-assistance-of-counsel
analysis); Brossette v. State, 99 S.W.3d 277, 284B85 (Tex. App.CTexarkana 2003, pet. dism=d, untimely filed) (stating that
failure to object to a court reporter=s failure to record waives error).








And because Henderson can neither
show that the plea hearing reporter=s record is lost[5]
nor, in light of the written plea admonishments in the record, that a reporter=s record is necessary to show that he
was properly admonished, he is not entitled to a new trial under rule of
appellate procedure 34.6(f).  See
Tex. R. App. P. 34.6(f) (stating that an appellant is entitled to a new trial
when, among other things, he shows that a significant portion of the court
reporter=s notes and records has been lost or
destroyed and that the lost or destroyed portion of the reporter=s record is necessary to the appeal=s resolution); Williams v. State,
937 S.W.2d 479, 486 (Tex. Crim. App. 1996) (analyzing former appellate
procedure rule 50(e) on lost records and holding that when Athe complaining party cannot show
that the court reporter ever recorded the missing proceedings, he is not
entitled to a new trial@); see also Aranda, 2009 WL
279489, at *4 (AAppellant cannot satisfy the
requirements of rule 34.6(f) because he cannot show that any portion of the
record related to the adjudication hearing was lost or destroyed; rather, he
admits that no record of the proceeding was made.@); Killough v. State, No. 04-07-00762-CR, 2008 WL
506286, at *1 (Tex. App.CSan Antonio Feb. 27, 2008, pet. ref=d) (mem. op., not designated for
publication) (applying Williams to rule 34.6(f)).

Accordingly, we overrule Henderson=s three issues.








                                                  IV.  Conclusion

Having overruled
all three of Henderson=s issues, we affirm the trial court=s judgment.

BOB MCCOY

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 4, 2010











[1]See Tex. R.
App. P. 47.4.





[2]Other admonishments include that the prosecutor=s
punishment recommendation is not binding on the court; that if the punishment
assessed does not exceed that recommended by the prosecutor and agreed to by
the defendant and his attorney, the trial court must give its permission to the
defendant before he may appeal any matter not raised by written motion filed
prior to trial; that if the defendant is not a U.S. citizen, pleading guilty
may result in deportation; and that, if applicable, the defendant will be
required to meet the registration requirements of chapter 62 (sex offender
registration).  See Tex. Code
Crim. Proc. Ann. art. 26.13(a)(2)B(5) (Vernon Supp. 2009).





[3]In the admonishment forms, Henderson crossed out the
admonishment stating, AI give up and waive the attendance and record of a
court reporter under Rule 13.1, Texas Rules of Appellate Procedure@.





[4]Although we are sensitive to the difficulty of
preserving an objection in the absence of a court reporter, we note that Henderson
could have raised his complaint at the punishment hearing or in a motion for a
new trial.  See Parker v. State,
2005 WL 1593944, at *2 (Tex. App.CFort Worth July 7, 2005, pet. ref=d) (mem.
op., not designated for publication) (holding that appellant waived his
complaint about the court reporter=s failure to record the sentencing hearing when
appellant did not first object in a motion for new trial).





[5]Henderson relies upon the affidavit of the court
reporter to support the proposition that the record is lost, but the affidavit
merely states, AAfter a thorough review, it appears that no record was
made of Raan Henderson=s plea of guilty in any of the cause numbers listed
above.  It is also possible that
the record was lost or misplaced but cannot currently be found.@
[Emphasis added.]