

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00053-CR

LARRY LOUIS BRIM                                              APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1383522D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Larry Louis Brim pleaded guilty to one count of aggravated sexual assault of a child under fourteen years of age and was sentenced to twenty-five years' confinement. In a single issue, Brim argues that his guilty plea was not knowingly and voluntarily made as a result of ineffective assistance of

---

[1]*See* Tex. R. App. P. 47.4.

counsel. Because Brim failed to overcome the strong presumption that his trial counsel provided adequate assistance and because he failed to rebut the record's prima-facie showing of the voluntariness of his plea, we will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2014, K.K. (Kelly),[2] the seventeen-year-old victim, made an outcry that her stepfather, Brim, had sexually assaulted her over the course of many years. During the investigation of the offense, Kelly stated that Brim had penetrated her sexual organ with his fingers when she was eight years old. Kelly said that as she got older and had boyfriends, Brim touched her vaginal opening on multiple occasions to check to see if she was still a virgin. Kelly told her mother about the sexual abuse when she (Kelly) was admitted to Millwood Hospital following a suicide attempt.

When Kelly's mother confronted Brim, he admitted that he had checked to see if Kelly was a virgin on two different occasions, and then he threatened suicide. Kelly's mother reported this to the police.

The police interviewed Brim, who admitted that he had rubbed lotion on Kelly "from her head to her toes" but did not rub the lotion directly on her breasts or on her "private part but rubbed all around it." Brim said that it was possible he had touched Kelly's sexual organ while rubbing lotion on her. Brim also admitted

---

[2]To protect the victim's identity, we refer to her by a pseudonym. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

2

to "checking" Kelly to determine her virginity on two different occasions and stated "it was possible it [had] happened more than two times[,] but he couldn't remember." He said that he started the inspections when Kelly was fourteen or fifteen years old. He "was unable to say that he did not touch the victim's vagina while checking to see if she was a virgin."

The State charged Brim with one count of continuous sexual abuse of a young child and seven counts of aggravated sexual assault of a child under fourteen years of age. In exchange for the State's waiver of one count of continuous sexual abuse of a young child and six counts of aggravated sexual assault of a child under fourteen years of age, Brim signed a judicial confession, swearing to the truth of one count of aggravated sexual assault of a child under fourteen years of age; signed a written waiver asserting that his plea was "knowingly, freely, and voluntarily entered"; and entered an open plea of guilt to the charge of aggravated sexual assault of a child under fourteen years of age. Brim requested the preparation of a presentence investigation (PSI) report.

At the sentencing hearing, the trial judge stated that he had reviewed the PSI report. No other evidence or testimony was presented. Brim's counsel argued for leniency, stating that Brim was sixty-eight years old, that he suffered from multiple health conditions, that he was remorseful for his actions, and that he had letters from his biological daughter and from church members praising him. Brim's counsel requested a sentence of ten years' imprisonment. The State argued that Kelly had lasting emotional and physical scars as a result of

3

Brim's conduct and that she had tried to commit suicide on multiple occasions. The State further noted that the PSI report reflected that Brim lacked impulse control and was attracted to postpubescent girls ages fourteen to sixteen years of age. The State requested that the trial court sentence Brim to twenty-five years' imprisonment. At the conclusion of the hearing, the trial court sentenced Brim to twenty-five years' confinement.

Brim filed a motion for new trial that did not raise any ground regarding the voluntariness of his plea or any claim that his trial counsel was ineffective. Brim then perfected this appeal.

### III. BRIM DID NOT OVERCOME THE STRONG PRESUMPTION THAT TRIAL COUNSEL'S CONDUCT WAS EFFECTIVE, AND BRIM DID NOT REBUT THE RECORD'S PRIMA-FACIE SHOWING OF THE VOLUNTARINESS OF HIS PLEA

In his sole issue, Brim argues that his guilty plea was not knowingly and voluntarily made as a result of ineffective assistance of counsel. Brim contends that he was forced to plead guilty in lieu of going to trial with an unprepared lawyer.

A guilty plea may not be accepted by a court unless it appears to be free and voluntary. Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2016). In considering the voluntariness of a guilty plea, the court should examine the record as a whole. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). When a defendant is properly admonished before entering his plea, a prima-facie showing of voluntariness is established, which shifts the burden to the defendant to show he pleaded guilty without understanding the

4

consequences of his plea. *See id.* This burden is a high one that is difficult to meet in light of proper admonishments. *See Starks v. State*, 266 S.W.3d 605, 614 (Tex. App.—El Paso 2008, no pet.).

When an appellant challenges the voluntariness of a plea, contending that trial counsel was ineffective, the appellant must prove: (1) that counsel's advice was not within the range of competence demanded of attorneys in criminal cases and if it is not, (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). The court must first make a threshold determination that counsel erroneously and incompetently advised the appellant before the second prong concerning prejudice to the appellant is reached. *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). An appellant's uncorroborated testimony that he was misinformed by counsel is not sufficient to show that his plea was involuntary. *Id.* Instead, an ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Moreover, review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013).

Here, Brim executed written plea admonishments in conjunction with his guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a). In the written plea admonishment document, Brim agreed in writing that he was "aware of the consequences of [his] plea" and that his plea was "knowingly, freely, and voluntarily entered." *See generally id.* art. 26.13(b). The clerk's record, which is the only record before us, reflects that the trial court properly admonished Brim in writing and received a statement from Brim and his attorney that Brim understood the admonitions and was aware of the consequences of his plea. *See id.* Accordingly, the record reflects a prima-facie showing that Brim's guilty plea was made voluntarily. *See Scott v. State*, 86 S.W.3d 374, 375–76 (Tex. App.—Fort Worth 2002, no pet.) (relying on evidence in clerk's record to address the voluntariness of appellant's plea); *cf. McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding "[a] criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction").

The burden then shifted to Brim to show he pleaded guilty without understanding the consequences of his plea. On appeal, Brim does not argue that he did not understand the consequences of his plea. He argues instead that his "trial counsel provided assistance so ineffective that it rendered [his] guilty plea involuntary." Brim argues that his trial counsel's advice—for Brim to enter an open plea of guilt in the hope of receiving a lighter sentence or probation—was not within the range of competence demanded of attorneys in criminal cases

6

because it "was based not on sound trial strategy or a well-reasoned assessment of the case but on his own (admitted) lack of confidence in his ability to try and win [Brim's] case." Brim's argument relies on an affidavit that he filed pro se over a month after he was sentenced in which he stated that his trial counsel told him that he had recently lost a case, that he did not think that he could help Brim, and that the best deal would be for Brim to enter an open plea in the hope of receiving a lighter sentence or probation. The record, however, is silent regarding any discussions that Brim's trial counsel may have had with him about his decision to enter an open plea of guilt, and thus the record contains no evidence corroborating Brim's allegations.[3] *See Fimberg*, 922 S.W.2d at 208.

In the absence of a fully developed record,[4] we hold that Brim's uncorroborated after-the-fact allegations in his affidavit are not sufficient to rebut the prima-facie showing of the voluntariness of his plea or to overcome the

---

[3]Had Brim gone to trial, he would have faced one count of continuous sexual abuse of a young child and seven counts of aggravated sexual assault of a child under fourteen years of age, and he would have been subjected to the risk of a minimum twenty-five year sentence without the possibility of parole. *See* Tex. Penal Code Ann. § 21.02(h) (West Supp. 2016); Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2016). Instead, Brim entered an open plea of guilt to one count of aggravated sexual assault of a child under fourteen years of age, which carries a five-year minimum sentence with the possibility of parole. *See* Tex. Penal Code Ann. § 12.32 (West 2011), § 22.021(a)(2)(B) (West Supp. 2016).

[4]The main cases relied on by Brim are distinguishable because evidentiary hearings were held, and the appellate records contained evidence of the advice given by trial counsel. *See Ex parte Dunham*, 650 S.W.2d 825, 826–27 (Tex. Crim. App. 1983); *Murphy v. State*, 663 S.W.2d 604, 605–10 (Tex. App.— Houston [1st Dist.] 1983, no pet.).

7

presumption that counsel's conduct was not deficient.[5]  *See Nava*, 415 S.W.3d at

307; *Martinez*, 981 S.W.2d at 197; *Gracia v. State*, Nos. 14-15-00106-CR, 14-15-

00147-CR, 2016 WL 3965108, at *6 (Tex. App.—Houston [14th Dist.] July 21,

2016, pet. filed) (mem. op., not designated for publication) (holding appellant had

not demonstrated that trial counsel's performance was deficient or that his guilty

plea was the result of erroneous advice); *Alexander v. State*, No. 14-03-00258-

CR, 2004 WL 253536, at *1–2 (Tex. App.—Houston [14th Dist.] Feb. 12, 2004,

no pet.) (mem. op., not designated for publication) (holding appellant failed to

substantiate claims of involuntariness of plea and ineffective assistance because

record contained written plea documents signed by appellant but contained no

evidence of counsel being unprepared, of how he had advised appellant with

regard to plea, or his reasons for doing so).  Accordingly, we overrule Brim's sole

issue.

---

[5]Because we hold that Brim has failed to satisfy the first prong of the *Moody* test, we need not address the second prong.  *See Fimberg*, 922 S.W.2d at 208.

## IV. Conclusion

Having overruled Brim's sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 17, 2016