

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00082-CR

_____

RONALD T. DUNN, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1494155R

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Dana Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Ronald T. Dunn appeals his convictions for three counts of the fraudulent sale of securities in an amount exceeding $100,000. In one issue, Dunn argues that these convictions should be vacated because according to Dunn, the record affirmatively shows that he did not knowingly and intelligently enter guilty pleas to these charges. Because the record demonstrates that Dunn did in fact knowingly plead guilty to these three charges, we will affirm.

## II. BACKGROUND

After determining that Dunn, a financial advisor, was involved in a "Ponzi scheme" wherein he would pay older investors with funds deposited by newer investors, the State charged Dunn with four counts of theft and security fraud. Count One of the indictment charged Dunn with theft exceeding $200,000, and Counts Two, Three, and Four charged him with the fraudulent sale of securities exceeding $100,000.

Although there is no reporter's record of the initial plea hearing, the clerk's record contains the trial court's signed, written plea admonishments reflecting that Dunn pleaded guilty to all four counts. Indeed, the written plea admonishments[1] show that Dunn specifically pleaded guilty to "Theft $200,000 or more" and

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 26.13(d) (setting out rules for when a trial court admonishes a defendant in writing regarding a guilty plea).

"Securities Fraud $100,000 or more." The admonishments also show that Dunn pleaded guilty to "Counts 1, 2, 3, & 4." The admonishments further show that Dunn was entering an "Open Plea to Judge – PSI," demonstrating that Dunn understood that the trial court would impose a sentence within the statutory range after a presentence investigation report (PSI) had been prepared and reviewed. Moreover, the admonishments contain Dunn's signed "Judicial Confession" wherein he acknowledged that he read the State's indictment, that he committed "each and every act alleged therein," that "[a]ll facts alleged in the indictment . . . are true and correct," and that he was guilty of "the instant offense" as stated in the indictment. Furthermore, in the written plea admonishments, Dunn agreed in writing that he was "aware of the consequences of [his] plea" and that his plea was "knowingly, freely, and voluntarily entered."

After the preparation of the PSI, the trial court held a sentencing hearing. At the beginning of the hearing, the trial court stated, "[Dunn], you were before this court on December 1st, 2017, wherein you pled guilty to the offense of theft $200,000 or more, which was securities fraud. At that time the Court told you that this was a first-degree felony, do you remember that?" Initially, the trial court made no specific mention of the three counts for theft over $100,000. But as the trial court continued to explain to Dunn what he had pleaded guilty to on December 1, 2017, the trial court repeatedly referenced "these" charges. After hearing testimony from the State and defense, the trial court made the following findings on the record:

3

All right.  []Dunn, let me ask you [to] stand.  All right.  []Dunn on your plea of guilty to Count One of the indictment, the Court is going to make a finding that you are, in fact, guilty of Count One. And to your plea of guilty [to] Count Two of the indictment, the Court likewise will make a finding of guilty on Count Two.  On your plea of guilty to Count Three of the indictment, the Court likewise will make a find [sic] that you are, in fact, guilty of Count Three.  And on your plea of guilty to Count Four of the indictment, the Court is likewise going to make a finding of guilty on Count Four.

Shortly after, the trial court stated, "Now, having found that you are, in fact, guilty of these counts in this indictment, the Court is going to assess your punishment at 25 years in the Institutional Division of the Texas Department of Criminal Justice." The trial court then asked defense counsel if there was any legal reason why it should not sentence Dunn and defense counsel replied, "No, Your Honor."

The clerk's record contains four judgments titled "Judgment of Conviction by Court—Waiver of Jury Trial."  The first judgment shows a conviction for theft over $200,000.  This judgment further reflects that the trial court imposed a twenty-five-year sentence as well as requiring Dunn to pay $683,731.26 in restitution.  The judgment also shows that the sentence "shall run concurrently."  The next three judgments reflect that they are for the fraudulent sale of securities over $100,000. Each of these three judgments show that the trial court imposed twenty-five-year sentences and that the sentences are to run concurrently.  The sale-of-securities judgments do not reflect any restitution amounts.  Dunn now appeals his three

4

convictions for the fraudulent sale of securities over $100,000 (Counts Two, Three, and Four).

### III. Discussion

In a single issue, citing standard language in the plea admonishments that refers to a singular "offense" and pointing to the trial court's opening reference at the punishment hearing to only the theft, Dunn argues that there is nothing in the record to indicate that he pleaded guilty to Counts Two, Three, and Four. We disagree.

To be constitutionally valid, a guilty plea must be knowingly and voluntarily made. *See Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); *Aguirre–Mata v. State*, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003) (noting that there must be a showing "spread on the record" that a guilty plea is intelligent and voluntary). We must examine the whole record to determine the voluntariness of an appellant's pleas. *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). "When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary. The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his plea." *Ribelin v. State*, 1 S.W.3d 882, 884 (Tex. App.—Fort Worth 1999, pet. ref'd) (citations omitted); *see Ex parte Karlson*, 282 S.W.3d 118, 130–31 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)). A reviewing court may rely on the clerk's record and written admonishments in the absence of a reporter's

record of the plea hearing. *See Scott v. State*, 86 S.W.3d 374, 375–76 (Tex. App.—Fort Worth 2002, no pet.) (relying on evidence in clerk's record to address the voluntariness of appellant's plea); *cf. McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding that "[a] criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction").

Here, the record reflects that Dunn was properly admonished and thus the record presents a prima facie showing that his guilty pleas were knowing and voluntary. The burden shifts to Dunn to show that his pleas were unknowing and involuntary, which he has not done. There is no evidence that Dunn was uninformed or misinformed by his counsel or anyone else about the consequences of his pleas before he discussed them with the trial court. To the contrary, the clerk's record clearly shows that Dunn pleaded guilty to theft in the amount of "$200,000 or more" and to three counts of "Securities Fraud $100,000 or more." The admonishments further show that Dunn pleaded guilty to "Counts 1, 2, 3, & 4." Moreover, at the close of the punishment hearing, the trial court stated that based on Dunn's pleas, it was finding him guilty of Counts One, Two, Three, and Four. Because Dunn has failed to meet his burden that he did not understand the consequences of his pleas, we overrule his single issue. *See Scott*, 86 S.W.3d at 375–76 (holding that signed admonishments in clerk's record were adequate to show defendant voluntarily entered his plea of guilty).

## IV. Conclusion

Having overruled Dunn's single issue on appeal, we affirm the trial court's sale-of-securities judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 28, 2019

7